IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERNEST MOSBY JR. <br> 1795 Hard Road <br> Columbus, Ohio, 43235 <br><br> Plaintiff, <br> v. <br><br> CUNIX AUTOMOTIVE GROUP, LLC <br> D.B.A "Toy Barn" <br> c/o Marc Snyder, Statutory Agent <br> 3367 N. State Route 61 <br> Sunbury, Ohio, 43074 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO.: <br><br> JUDGE: <br><br> COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE OHIO MINIMUM FAIR WAGE STANDARDS ACT <br><br> (Jury Demand Endorsed Herein) |

Plaintiff, Ernest Mosby, Jr., by and through undersigned counsel, as his Complaint against Defendants, states and avers the following:

## PARTIES

1. Mosby Jr. ("Mosby") is an individual residing in Columbus, Ohio.

2. Cunix Automotive Group, LLC is a limited liability company organized under the laws of the State of Ohio whose principal place of business is located at 5100 Post Road in Dublin, Ohio.

3. At all time referenced herein, Cunix operated an automobile dealership known as the "Toy Barn."

## PERSONAL JURISDICTION

4. Defendant hires citizens of the state of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over Defendant comports with due process.

5. Mosby performed work in this judicial district, was paid unlawfully by Defendant pursuant to work performed in this district and/or was hired out of this district.

6. This cause of action arose from or relates to the contacts of Defendant with Ohio residents, thereby conferring specific jurisdiction over Defendant.

## SUBJECT MATTER JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction of this case under 28 U.S.C. §§1331 and 1341, inasmuch the matters in controversy are brought pursuant to the FLSA, 29 U.S.C § 215, 216, *et seq*.

8. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Mosby's state law claims under the Ohio Minimum Fair Wages Standards Act ("OMFWSA") and the Ohio Constitution because those claims derive from a common nucleus of operative facts.

9. Venue is proper in this District because Defendants do a sizeable portion of their business in this District, and many of the wrongs herein alleged occurred in this District.

## COVERAGE

10. At all times referenced herein, Defendant formed a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

11. During all times material to this Complaint, Defendant was Mosby's "employer" within the meaning of Section 3(d) of FLSA, 29 U.S.C. § 203(d); Section 34a, Article II, of the Ohio Constitution; and the Ohio Minimum Fair Wages Standards Act ("OMWFSA").

## FACTS

12. Mosby is a former employee of Defendant, where he worked as a Detailer.

13. Mosby was first hired by Defendant in or around October of 2012.

14. As a Detailer, Mosby was responsible for cleaning and detailing automobiles owned by Defendant and which Defendant intended to list for sale.

15. At all times referenced herein, Mosby was paid on a piece rate basis.

16. At all times referenced herein, Defendant paid Mosby a flat rate of $80.00 per vehicle Mosby detailed.

17. The per vehicle pay Mosby received was not a commission because the detailing work Mosby performed was for Defendant, and not for any particular customer.

18. Most, if not all cars Mosby detailed had yet to be listed by Defendant as being up for sale.

19. At all times referenced herein, the wages paid to Mosby failed to meet any rudimentary standard of comparability to the labor charges paid by customers because customers did not pay any labor charges for Mosby's detailing work.

20. Mosby's wages did not represent a percentage of the amount billed to customers, because customers did not pay for Mosby's detailing services.

21. Mosby's wages did not vary based on the sale of automobiles to customers or what customers paid for automobiles.

22. Mosby was paid a flat $80.00 per automobile he detailed regardless of whether the car was ever sold.

S
S

23. Mosby was non-exempt from the overtime requirements of the FLSA.

24. At all times referenced herein, Mosby regularly worked in excess of forty (40) hour per week.

25. Mosby recorded and reported his hours to Defendant.

26. Defendant did not pay Mosby overtime when Mosby worked more than forty hours in a work week, in violation of the FLSA and the OMFWSA.

27. Upon information and belief, Defendant incorrectly and recklessly assumed that the Section 7(i) exemption to the overtime requirements of the FLSA applied to Mosby without taking any steps to ensure that the exemption in fact applied under the circumstances, rending Defendant's violation of the FLSA willful.

28. Having failed to take any steps to ensure that Mosby was being paid in a manner that complied with the FLSA, Defendant's violation was committed without a good faith belief that Defendant's pay practices were lawful.

29. Mosby's employment with Defendant ended on or about April 9, 2020.

30. As a result of Defendants' wrongful conduct, Mosby has suffered damages.

## COUNT I: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA
## (29 U.S.C. § 207)

31. Mosby restates each and every prior paragraph of this Complaint, as if it were fully restated herein and further alleges as follows:

32. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

33. Mosby was not exempt from the right to receive overtime pay under the FLSA during his employment with Defendants.

34. Mosby is entitled to be paid overtime compensation for all overtime hours worked.

S

35. As a result of Defendants' failure to properly compensate Mosby for all hours he worked in excess of forty in a given week at a rate not less than 1.5 times Mosby's regular rate of pay, Defendants violated the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

36. Mosby is entitled to damages in the amount of his unpaid overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), and other such legal and equitable relief as the Court deems just and proper, including her attorneys' fees and costs.

37. At all times relevant to this action, Defendants willfully failed and refused to pay Mosby overtime wages required by the FLSA, causing Mosby to suffer damage in amounts to be proven at trial.

38. Defendants either recklessly failed to investigate whether their failure to pay Mosby an overtime wage for the hours he worked in excess of 40 per week during the relevant time period violated the Federal Wage Laws of the United States, intentionally misled Mosby to believe that Defendants were not required to pay him overtime wages, and/or Defendants concocted a scheme pursuant to which they deprived Mosby the overtime pay he earned.

39. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

40. Defendants violated the FLSA without a good faith belief that their conduct was lawful.

41. Mosby requests recovery of his attorney's fees and costs associated with this cause as provided by 29 U.S.C. § 216(b)

**COUNT II: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.03, *et seq*, BASED ON FAILURE TO PAY OVERTIME.**

42. Mosby incorporates by reference the allegations in the preceding paragraphs.

43. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the OMFWSA.

44. At all relevant times, Defendants have employed and continue to employ, "employees," within the meaning the OMFWSA.

45. Mosby was an employee of Defendants as that term is defined by the OMFWSA.

46. Ohio R.C. § 4111.03 provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the [FLSA]…"

47. Defendants failed to pay Mosby overtime compensation for all hours he worked in excess of forty per week.

48. In denying Mosby all overtime compensation due, Defendants violated the OMFWSA and Article II, Section 34a of the Ohio Constitution.

49. As a direct and proximate result of Defendants' unlawful conduct, Mosby has suffered and will continue to suffer a loss of income and other damages.

50. Having violated the OMFWSA, Defendant is liable to Mosby pursuant to O.R.C. § 4111.10 for the full amount of his unpaid overtime and for costs and reasonable attorneys' fees.

**COUNT III: FAILURE TO PAY WAGES IN VIOLATION OF R.C. § 4113.15 (OHIO PROMPT PAYMENT ACT).**

51. Mosby incorporates by reference the allegations in the preceding paragraphs.

52. During all times material to this complaint, Defendant was covered by the Ohio Prompt Payment Act, R.C. § 4113.15 ("OPPA") and Mosby was employed by Defendant within the meaning of OPPA.

53. The OPPA requires that Defendant pay Mosby all wages, including unpaid overtime wages on or before the first day of each month, for wages earned by Mosby during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of the month, for wages earned by Mosby during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

54. At the conclusion of his term of employment with Defendant, Mosby was not paid wages, to include all overtime wages due, within 30 days of performing the work. *See* O.R.C.§ 4113.15(B).

55. Mosby's unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

56. In violating the OPPA, Defendant acted willfully, without a good faith basis and with

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff David Mosby requests judgment against Defendant and for an Order:

a. Awarding Mosby unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b. Awarding damages, including actual, general, special, incidental, statutory, treble, liquidated, and consequential to Mosby in an amount to be determined at trial;

c. Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq;

d. Issuing an injunction prohibiting Defendant from continued unlawful practices, policies and patterns set forth herein;

e. Awarding pre-judgment and post-judgment interest as provided by law;

f. Awarding reasonable attorneys' fees and costs; and

g. Awarding such other and further relief that this Court deems appropriate.

        Respectfully submitted,

        */s/ Chris P. Wido*
        Chris P. Wido (0090441)
        **THE SPITZ LAW FIRM, LLC**
        25200 Chagrin Blvd., Suite 200
        Beachwood, OH 44122
        Phone: (216) 291-4744
        Fax:    (216) 291-5744
        Email: chris.wido@spitzlawfirm.com

        *Attorney for Plaintiff Ernest Mosby Jr.*

## JURY DEMAND

Plaintiff Ernest Mosby Jr. demands a trial by jury by the maximum number of jurors permitted.

        */s/ Chris P. Wido*
        Chris P. Wido (0090441)
        **THE SPITZ LAW FIRM, LLC**